IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dexter Antonio Sheppard, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Lt Robert Forrest, Capt Charley Turner, ) <br> Tim Riley, et al., ) <br> ) <br> Defendants. ) | C/A No. 5:11-486-CMC-KDW <br><br> ORDER |

Plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the court on Plaintiff's Motion to Consolidate Cases (ECF No. 46), Motion to Amend Complaint (ECF No. 60), Motion for Extension of Time to File a Reply to Defendants' Response in Opposition to Plaintiff's Motion to Consolidate Cases (ECF No. 62), Motion to Appoint Counsel (ECF No. 63), and Motion for Subpoenas (ECF No. 64). Defendants have filed Responses in Opposition (ECF Nos. 48, 67, 68, 69) to all but Plaintiff's Motion for Extension of Time.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned magistrate judge is authorized to review all pretrial matters in prisoner petitions filed under 42 U.S.C. § 1983.

**Motion to Consolidate Cases and Motion for Extension of Time (ECF Nos. 46, 62):**

On September 7, 2011, Plaintiff filed a Motion to Consolidate Cases, seeking to consolidate this case with Civil Action No. 10-2424-CMC, a case he also filed. ECF No. 46. Defendants opposed this motion (ECF No. 48) and Plaintiff moved for an extension of time within which to reply to Defendants' response (ECF No. 62).

On November 29, 2011, the court issued an order dismissing Civil Action No. 10-2424-CMC for failure to exhaust administrative remedies. In a December 13, 2011 order, the court denied the plaintiff's motion to reconsider the order of dismissal. *See* ECF Nos. 95, 100 in C/A No. 10-2424-CMC. Accordingly, Plaintiff's Motions to Consolidate Cases and for an Extension of Time to Reply (ECF Nos.42 and 62) are denied as moot.

**Motion to Amend Complaint (ECF No. 60):**

On October 7, 2011, Plaintiff filed a Motion to Amend his Complaint to identify R. L. Turner, a Disciplinary Hearing Officer for the South Carolina Department of Corrections, as a defendant. ECF No. 60. Plaintiff indicates he initially and mistakenly named Capt. Charley Turner as a defendant, and seeks to name R.L. Turner in place of Capt. Charley Turner. ECF No. 60 at 1-2. Defendants responded, indicating they had no objection to Plaintiff's amending his Complaint to name R. L. Turner as a Defendant and requesting that Defendant Captain Charley Turner, who is deceased, be dismissed with prejudice from this litigation as he had no involvement in the facts alleged in Plaintiff's Complaint. ECF No. 68.

Based on the foregoing, and because the parties have consented to the substitution, Plaintiff's motion to amend the complaint (ECF No. 60) is granted, and the clerk is instructed to substitute R.L. Turner as party Defendant, replacing him for Defendant Capt. Charley Turner.[1]

---

[1] The parties have consented to the substitution, and Plaintiff likens his mistakenly naming Capt. Charley Turner to naming a "John Doe" defendant. ECF No. 60 at 1. Service on R.L. Turner is not required at this time, as the court notes Defendants did not object to adding R.L. Turner as a party and have included an affidavit of R. L. "Capt. Richard" Turner as an exhibit to their motion for summary judgment. *See* ECF No. 72-4.

**Motion to Appoint Counsel (ECF No. 63):**

On October 18, 2011, Plaintiff filed a Motion to Appoint Counsel, which Defendants opposed on October 20, 2011. ECF Nos. 63, 69.

There is no constitutional right to have counsel appointed in a civil case. *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984). This court has discretion to appoint counsel for an indigent in a civil action. 28 U.S.C. § 1915(d); *Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971). The court, however, may appoint counsel in § 1983 cases only when exceptional circumstances exist. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The Fourth Circuit has stated that the existence of exceptional circumstances "will turn on the quality of two basis factors—the type and complexity of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993) (quoting *Whisenant*, 739 F.2d at 163)).

After a review of the pleadings and other documents in this case, the court finds that, at this time, factors are not present that reflect a need for Plaintiff to have counsel appointed. The case itself does not appear atypically complex, and plaintiff has shown that he is able to represent his interests to this point.

Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915 (e)(1) is denied.

**Motion for Subpoenas (ECF No. 64):**

On October 18, 2011, Plaintiff filed a Motion for Subpoenas, seeking to subpoena certain individuals for attendance at a hearing or trial, deposition, production, or inspection. ECF No. 64 (quoting F.R. Civ. P. 45). Defendants oppose Plaintiff's motion, noting that discovery ended on September 6, 2011. ECF No 67 at 1.

The court agrees with Defendants. The court's scheduling order required discovery to be complete by September 6, 2011 (ECF No. 39), and Plaintiff filed his motion for subpoenas over one month after that deadline had passed. Plaintiff's Motion for Subpoenas (ECF No. 64) is denied.

**Regarding Defendants' Pending Motion for Summary Judgment (ECF No. 72):**

On November 17, 2011, Defendants filed a motion for summary judgment. ECF No. 72. As Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of a motion for summary judgment and of the need for him to file an adequate response by December 22, 2011. ECF No. 73. Plaintiff was specifically advised that if he failed to respond adequately, Defendants' motion may be granted, thereby ending this case. *Id.*

On December 21, 2011, Plaintiff submitted what the court construed as a motion to extend his deadline for responding to Defendants' motion. ECF No. 76. In that motion, Plaintiff indicated he had asked for, but had not received, law books he needed to prepare his response. *Id.* Defendants opposed Plaintiff's motion, indicating Plaintiff had been provided the one law book he had requested during the time at issue. ECF No. 80. Because Plaintiff had not requested a prior extension, the court extended his deadline for responding to Defendants' motion without discussing reasons for the extension, making his brief due January 27, 2012. ECF No. 81.

To date, Plaintiff has not responded to Defendants' motion, although he has submitted several documents discussing, among other things, his attempts to obtain legal materials

needed to respond to Defendants' motion for summary judgment. *See, e.g.,* ECF Nos. 83, 85.[2]

It is ORDERED that **Counsel for Defendants** shall file a status report with the court no later than **March 14, 2012**, providing information regarding any and all requests for legal materials Plaintiff has made from November 17, 2011 through February 29, 2012, and whether Plaintiff has been provided with the materials requested.

Plaintiff is ORDERED to file a response to Defendants' motion for summary judgment no later than **March 28, 2012.** Plaintiff is further advised that if he fails to respond, this action may be dismissed with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b). No further extensions are anticipated.

## Conclusion

Therefore, for the foregoing reasons, it is ORDERED that Plaintiff's Motion to Consolidate Cases (ECF No. 46), Motion for Extension of Time to File a Reply to Defendants' Response in Opposition to Plaintiff's Motion to Consolidate Cases (ECF No. 62), Motion to Appoint Counsel (ECF No. 63), and Motion for Subpoenas (ECF No. 64) are DENIED.

It is further ORDERED that Plaintiff's Motion to Amend Complaint (ECF No. 60) is GRANTED, and R.L. Turner shall be substituted as a defendant in the place of Defendant Capt. Charley Turner.

---

[2] Plaintiff also refers to having an attorney with the Bell Law Group. ECF No. 85 at 2. However, no attorney has appeared on Plaintiff's behalf in this matter, which he continues to pursue pro se.

It is further ORDERED that Defendants submit the report discussed above to the court no later than March 14, 2012, and Plaintiff is to submit his response to Defendants' motion for summary judgment no later than March 28, 2012.

IT IS SO ORDERED.

February 29, 2012
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge